IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CESAR RAMIREZ-SOTELO,

Plaintiff,

v. 1:26-cv-01298-SCY-JMR

MCDONNELL & ASSOCIATES LLC
*agent of Maxwell & Bryant Group*,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on its two *sua sponte* Orders to Show Cause. Docs. 4, 5. I recommend the Court dismiss this case without prejudice for failure to serve the Defendant.

Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court, in its discretion, may dismiss a case "without prejudice" for failure to serve. *Self v. Fresenius Med. Care*, 84 F. App'x 54, 56 (10th Cir. 2003) (citing *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000)).

Plaintiff filed his complaint on April 25, 2026. Doc. 1. Therefore, Plaintiff had through July 24, 2026, to serve the Defendant. *See* FED. R. CIV. P. 4(m). Plaintiff failed to meet this deadline. The Court issued its first Order to Show Cause ordering Plaintiff to "either effect service or provide the Court with a written explanation showing good cause why service has not been made, on or before Friday, August 21, 2026." Doc. 4 (emphasis omitted). The Court

warned that failure to comply may result in "dismissal of this action." *Id.* Nevertheless, Plaintiff did not serve the Defendant or respond to the Court's order.

After Plaintiff's initial failure to comply, the Court issued a second Order to Show Cause. Doc. 5. The Court ordered Plaintiff to respond to the second order to show cause by September 11, 2026. *Id.* The Court again warned that "failure to comply with this order may result in dismissal of the complaint without further warning." *Id.* Again, Plaintiff did not respond to the Court's order.

The record indicates that both orders in this case were emailed to Plaintiff's attorney Jeffrey Wood at jeff@jeffwoodlaw.com. There is no indication that Mr. Wood did not receive the notices of electronic filing.

To date, there is no record that Plaintiff has served the Defendant. Plaintiff has not shown "good cause" for failure to serve the Defendant. *See* FED. R. CIV. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). The Court has already *sua sponte* extended the deadline for Plaintiff to serve the Defendant. *See* Doc. 4; *see also* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). There is no record that Plaintiff attempted to serve the Defendant during this extension period or at all. Therefore, the Court's only logical remaining course of action is to dismiss the case. *See Jenkins v. Ute Tribal Council Member*, No. 2:21-CV-00385, 2022 WL 18670446, at *2 (D. Utah Nov. 30, 2022), *report and recommendation adopted sub nom. Jenkins v. Haaland*, No. 221CV00385RJSDAO, 2023 WL 196159 (D. Utah Jan. 17, 2023) (similarly recommending dismissal for failure to serve after Plaintiffs failed to respond to the Court's order to show cause); *Estevinho v. Bondi*, No. CV

25-1206 MIS/GBW, 2026 WL 690684, at *1 (D.N.M. Mar. 11, 2026) (same); *Moore v. Luccy*, No. 22-CV-01663-NYW-MDB, 2023 WL 11921404, at *2 (D. Colo. Jan. 19, 2023), *report and recommendation adopted*, No. 22-CV-01663-NYW-MDB, 2023 WL 11921406 (D. Colo. Feb. 8, 2023) (same).

I recommend that the Court dismiss Plaintiff's case without prejudice for failure to serve. *See* FED. R. CIV. P. 4(m).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.**

JENNIFER M. ROZZONI
United States Magistrate Judge